UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBBIE M. WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:20-CV-429-DCP |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 18]. Now before the Court are Plaintiff's Motion for Summary Judgment [Doc. 21] and Defendant's Motion for Summary Judgment [Doc. 23]. Robbie M. Webb ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Kilolo Kijakazi ("the Commissioner"). For the reasons that follow, the Court will **DENY** Plaintiff's motion and **GRANT** the Commissioner's motion.

### I. PROCEDURAL HISTORY

On October 24, 2018, Plaintiff filed an application for disability insurance benefits and supplemental security income benefits pursuant to Title II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and 1381 *et seq.*, claiming a period of disability that began on September 22, 2018. [Tr. 309, 430]. After her application was denied initially and upon reconsideration,

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration ("the SSA") on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

Plaintiff requested a hearing before an ALJ. [Tr. 366–67]. A hearing was held on November 4, 2019. [Tr. 260–79]. On December 2, 2019, the ALJ found that Plaintiff was not disabled. [Tr. 8–23]. The Appeals Council denied Plaintiff's request for review on August 3, 2020 [Tr. 1–4], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on October 5, 2020, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.
>
> 2. The claimant has not engaged in substantial gainful activity since September 22, 2018, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).
>
> 3. The claimant has the following "severe" impairments: degenerative disc disease of the thoracic and lumbar spine, osteoarthritis of the bilateral feet, obesity, depression, anxiety, and a somatic disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except she is limited to occasional performance of postural maneuvers (balancing, stooping, kneeling, crouching, crawling); she must avoid concentrated exposure to industrial hazards (unprotected heights, moving machinery, etc.); she must have no more than

2

occasional interaction with the public and no more than occasional changes in the work routine.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on October 1, 1971 and was 47 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 22, 2018, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 13–23].

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Additionally, the Supreme Court recently explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). Rather, substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

## IV. DISABILITY ELIGIBILITY

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). An individual will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§§ 423(d)(2)(A) and 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

5

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. §§ 404.1520(a)(4) and -(e), 416.920(a)(4), -(e). An RFC is the most a claimant can do despite his limitations. §§ 404.1545(a)(1) and 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V. ANALYSIS

Plaintiff raises one major issue on appeal. Specifically, Plaintiff contends that the ALJ failed to properly evaluate the medical opinion of consultative examiner Stephen K. Goewey, M.D. ("Dr. Goewey"), making the ALJ's RFC determination erroneous due to a lack of substantial evidence to support it. Plaintiff asserts that she has been harmed by the ALJ's alleged error because she may have been found disabled pursuant to SSR 96-8p had Dr. Goewey's opinion—specifically as to Plaintiff's physical limitations—been incorporated into the RFC determination. Plaintiff thus requests for this Court to remand this matter for further proceedings and additional evaluation of the opinion evidence as well as a new hearing and disability decision. The Commissioner contends that substantial evidence exists to support the ALJ's evaluation of Dr. Goewey's consultative opinion and the evaluation was otherwise devoid of error. Therefore, the Commissioner requests for this Court to affirm the final disability decision. The Court now turns to the parties' respective arguments.

6

Plaintiff argues that the ALJ "failed to provide a logical explanation for his treatment of [Dr. Goewey's] opinion evidence." [Doc. 22 at 11]. It is apparent that Plaintiff takes issue with the ALJ's finding that Dr. Goewey's opinion was persuasive in some respects and unpersuasive in others and his basis for doing so. Additionally, Plaintiff asserts that the ALJ impermissibly relied on his own lay interpretation of Plaintiff's medical conditions even though the ALJ found Dr. Goewey's opinion to be supported by his own examination but still discounted Dr. Goewey's actual opinion. Plaintiff stresses that if the ALJ had any concerns or needed additional clarification regarding Plaintiff's maximum physical capabilities, then he should have recontacted Dr. Goewey to request further examination and evaluation instead of relying on his own lay opinion. Plaintiff contends that the ALJ's failure to recontact Dr. Goewey for any clarification renders the disability decision unsupported by substantial evidence.

Plaintiff maintains that she would have been found disabled pursuant to SSR 96-8p had the ALJ found Dr. Goewey's opinion to be persuasive because she would not be able to work on a regular and consistent basis assuming a regular five-day work week with eight hours of work per day. Additionally, Plaintiff contends that the ALJ failed by not providing a hypothetical to the vocational expert ("VE") that included the limitations set out in Dr. Goewey's opinion. Finally, Plaintiff argues that the ALJ's RFC finding was fatally flawed because he offered no explanation as to the maximum amount of each activity Plaintiff could do given her limitations, and that by finding Dr. Goewey's opinion to be unpersuasive, the ALJ discounted "the only opinion which presented the opportunity for clarity regarding Plaintiff's abilities, leaving the RFC without substantial evidence." [*Id.* at 13–14].

As a threshold matter, because Plaintiff's claim was filed after March 27, 2017, the SSA's new regulations for evaluation of medical opinion evidence apply to this claim. *See Revisions to*

7

*Rules Regarding the Evaluation of Medical Evidence (Revisions to Rules)*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. Under the new revised regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative findings, including those from your medical sources." 20 C.F.R. § 404.1520c(a). The Commissioner will "evaluate the persuasiveness" of all medical opinions and prior administrative medical findings using the following factors: 1) supportability; 2) consistency; 3) the source's relationship with the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; 4) the source's specialized area of practice; and 5) other factors that would tend to support or contradict a medical opinion, including but not limited to evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of the agency's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520(a), (c)(1)-(5). However, supportability and consistency are the most important factors. 20 C.F.R. §§ 404.1520(c)(b)(2).

Lastly, the revised regulations have set forth new articulation requirements for the ALJs in their consideration of medical opinions, stating:

> **(1) Source-level articulation.** Because many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record. Instead, when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually;

> **(2) Most important factors.** The factors of supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section) are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative findings in your determination or decision. We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record;
>
> **(3) Equally persuasive medical opinions or prior administrative medical findings about the same issue.** When we find that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported (paragraph (c)(1) of this section) and consistent with the record (paragraph (c)(2) of this section) but are not exactly the same, we will articulate how we considered the other most persuasive factors in paragraphs (c)(3) through (c)(5) of this section for those medical opinions or prior administrative medical findings in your determination or decision.

20 C.F.R. § 404.1520c(b)(1)-(3) (emphasis added); *see, e.g.*, *Kilgore v. Saul*, No. 1:19-CV-168-DCP, 2021 WL 932019, at *11 (E.D. Tenn. Mar. 11, 2021).

The Commissioner argues, and the Court agrees, that substantial evidence supports the ALJ's evaluation of Dr. Goewey's consultative medical opinion. In his decision, the ALJ stated that he was "partially persuaded by Dr. Goewey's opinion" in which he "opined that the claimant can 'sit between three and four hours daily, stand and walk at least two hours daily, [and] lift and carry at least 10 to 20 pounds occasionally.'" [Tr. 20 (citing [Tr. 568–71])]. The ALJ specifically addressed the "supportability" factor in his decision, stating that "Dr. Goewey supported his opinion with an examination of the claimant." [Tr. 20]. The ALJ also referenced "the claimant's mild and subtle foot imaging findings, demonstrations of normal and nearly normal functioning [in] her lower extremities, and lack of podiatric treatment after July 2019 [which suggested] that she can stand or walk more than two hours daily." [*Id.*]. The ALJ determined that Dr. Goewey's opinion was consistent with that additional evidence, and as stated above, consistency is yet

9

another one of the factors for the ALJ to consider when evaluating the persuasiveness of medical opinions. The ALJ also considered Plaintiff's "mild and subtle spine and foot imaging findings, demonstrations of normal or nearly normal physical functioning, significant treatment gaps, inconsistent compliance with treatment, lack of spinal surgery or medical records reflecting failed spinal injections, and instruction to elevate her feet when resting[,]" which he found supported "a finding that she can lift 20 pounds occasionally. [*Id.*]. The ALJ determined that Dr. Goewey's opinion was "partially consistent" with that evidence.

By contrast, the ALJ took issue with Dr. Goewey's failure to specify Plaintiff's maximum abilities to stand and walk and lift and carry. Furthermore, the ALJ stated that Dr. Goewey's "determination regarding the claimant's ability to sit, stand, and walk is inconsistent with her mild osteoarthritis of the feet, her successful neuroma surgery, her minimal spinal imaging findings, her demonstrations of normal and nearly normal physical functioning, the significant gap in her treatment for her spine, and the lack of surgical intervention for her spine or medical records indicating that her branch block injections have been unsuccessful." [*Id.*]. Lastly, the ALJ considered Plaintiff's display of an antalgic gait during Dr. Goewey's examination and found it to support a finding that Plaintiff must avoid hazards.

The Court finds that the ALJ engaged in a multi-faceted discussion of Dr. Goewey's opinion and provided adequate reasoning for the persuasive weight he assigned to it—including the decision to find certain parts of the opinion more persuasive than others. The ALJ expressly cited to the two most important factors when considering Dr. Goewey's opinion—supportability and consistency—, and he referenced various other parts of the record to examine Dr. Goewey's opinion in a wider context. *See* 20 C.F.R. §§ 404.1520(c)(b)(2). The Court also agrees with the Commissioner's argument regarding the ALJ's critique of Dr. Goewey's opinion for failing to

identify Plaintiff's maximum abilities to stand and walk and lift and carry. Dr. Goewey's opinion set a floor—saying that Plaintiff could stand and walk "at least two hours daily" [Tr. 571]—but an RFC is the *most* a claimant can do despite her limitations. *See* 20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1). Thus, the Court agrees that this portion of Dr. Goewey's opinion was not particularly helpful to the ALJ, nor does it expressly set out that Plaintiff would be able to stand or walk a *maximum* of two hours per day.

Additionally, the Court finds Plaintiff's assertion that the ALJ substituted his own lay opinion for Dr. Goewey's is without merit for many reasons. In any case, the ALJ did not completely discount Dr. Goewey's opinion; he simply incorporated it to the extent that he found it to be consistent with and supported by the other evidence in the record, including imaging evidence, Plaintiff's treatment and compliance history, other medical evidence and opinions, examination findings, and other evidence.

Similarly, the Court is not swayed by Plaintiff's argument that the ALJ had a duty to recontact Dr. Goewey, even if parts of his opinion were, as Plaintiff asserts, not entirely clear. The Court has interpreted this argument to be one in which the ALJ is alleged to have failed to adequately develop the record before making a disability determination. The Court notes that "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000) (citing *Richardson v. Perales*, 402 U.S. 389, 400–01 (1971)). While the claimant bears the ultimate burden of establishing that he is entitled to disability benefits, the ALJ has an affirmative duty to develop the factual record upon which his decision rests, regardless of whether or not the claimant is represented by counsel. *See, e.g., Wright–Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, (6th Cir. 2010) ("This court has also long recognized an ALJ's

obligation to fully develop the record.") (citation omitted); *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (stating the ALJ has "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing"). The regulations provide that the agency "may ask [the claimant] to have one or more physical or mental examinations or tests" if the claimant's "medical sources cannot or will not give us sufficient medical evidence" to determine whether the claimant is disabled. 20 C.F.R. § 404.1517.

Additionally, "[a]n ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001). The Court notes that the ALJ had no "special, heightened duty to develop the record" in this case because Plaintiff was represented by counsel. *Nabours v. Comm'r of Soc. Sec.*, 50 F. App'x 272, 275 (6th Cir. 2002). Still, the ALJ has the ultimate responsibility to ensure that a claimant receives a full and fair hearing, *Richardson v. Perales*, 402 U.S. 389, 411 (1971), which includes a duty to develop the record fully and fairly. *See Johnson v. Sec'y of Health & Human Servs.*, 794 F.2d 1106, 1111 (6th Cir. 1986). Here, the ALJ was well within his discretion to not pursue additional guidance from Dr. Goewey or any other source given the substantial evidence already in the record.

Lastly, the Court agrees with the Commissioner's critique of Plaintiff's argument that the ultimate RFC finding was flawed for not explicitly setting out a maximum amount of each activity Plaintiff could do. As the Commissioner argues, "[the Sixth Circuit] does not require a step-by-step narrative of a claimant's functional limitations." *Al-Khalili v. Astrue*, No. 3:12-cv-0347, 2013 WL 4500326, at *10 (M.D. Tenn. Aug. 20, 2013) (citing *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547–48 (6th Cir. 2002)); *see also Copeland v. Berryhill*, No. 3:16-0693, 2017 WL 6359884, at *9 (M.D. Tenn. Dec. 13, 2017) ("the ALJ is not required to produce a detailed

12

function-by-function analysis in writing because there is a difference 'between what an ALJ must consider and what an ALJ must discuss in a written opinion.'") (quoting *Delgado*, 30 F. App'x at 547–48). Regardless, the ALJ did comply with this requirement because he found that Plaintiff could perform light work as it is defined in 20 C.F.R. 404. 1567(b) and 416.967(b). [Tr. 20].

Thus, the Court finds that the ALJ's evaluation of Dr. Goewey's consultative medical opinion was done in an appropriate manner and did not violate any of the relevant rules and regulations. The Court finds as well that substantial evidence supports the ALJ's treatment of Dr. Goewey's opinion and his ultimate RFC finding. Therefore, the Court finds no cause for remand in this case.

## VI. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment [**Doc. 21**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 23**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

                                    Debra C. Poplin
                                    United States Magistrate Judge